UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-14178-JEM
MAGISTRATE JUDGE REID

BRIAN M. CASEY,

      Petitioner,

v.

DONALD TRUMP, et al.,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

### I.    Introduction

*Pro se* petitioner Brian M. Casey, who is currently incarcerated by the Florida Department of Corrections, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that he is entitled to immediate release from prison. [ECF No. 1].

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The undersigned has reviewed the instant federal habeas petition [ECF No. 1], together with the petitioner's prior habeas petition filed in the Middle District of

Florida, in **Case No. 15-CV-00696-SPC-MRM** and takes judicial notice of the records and the filings contained therein. *See* Fed. R. Evid. 201. For the reasons set forth in this report, the instant petition should be transferred to the United States District Court for the Middle District of Florida.

## II.  Discussion

Petitioner initially filed this action pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia. [ECF 1]. At the time of filing, he was incarcerated at the Martin Correctional Institution, in Indiantown, Florida, located within the Southern District of Florida. [ECF 5]. Because petitioner sought immediate release from custody and his custodian was located within the Southern District of Florida, the action was transferred here by the District of Columbia District Court. *Id*. However, prior to the transfer of the case, petitioner filed a notice of change of address, indicating that he was transferred to the Hamilton Correctional Institution in Jasper, Florida, located within the Middle District of Florida. [ECF 3].

In his brief petition, petitioner alleges that he filed a petition for writ of certiorari in United States Supreme Court regarding his criminal conviction but asserts that the Supreme Court entered a "decision that barred [him] from seeking indigent status in civil cases," and "refused to docket his pleadings as required by law." [ECF 1, p. 1]. Petitioner also argues that he is entitled to immediate release

from prison. [*Id.*, pp. 1-2]. Thus, it appears that petitioner means to challenge the resolution of his criminal case.

While a § 2241 petition is the proper means to challenge the execution of a sentence or to challenge confinement that is not the result of a criminal court's judgment, a habeas corpus petition pursuant to 28 U.S.C. § 2254, is generally the proper means to challenge the imposition of a judgment or length of detention. *See Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *see also Cook v. New York State Div. of Parole*, 321 F.3d 274, 277 (2nd Cir. 2003) (recognizing that merely invoking § 2241 in the title of a document does not require the district court to treat it as a section 2241 petition).

Moreover, it is well settled that a court must look behind the label of a prisoner's post-conviction motion to determine if he is, in substance, seeking relief under § 2254. *See e.g., Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011). Here, because petitioner seeks to challenge the criminal judgment against him, rather than the execution of his sentence by the Florida Department of Corrections, his petition is properly construed as a petition brought pursuant to 28 U.S.C. § 2254. Review of PACER, however, reveals that petitioner already has a § 2254 petition pending in the Middle District of Florida, in which he contests his convictions for Second Degree Murder and Arson in Lee County Case No. 10CF019724. *See Casey v. Secretary, et al.*, Case No. 15-CV-00696-SPC-MRM,

Petition for Writ of Habeas Corpus [ECF 1] (M.D. Fla. Nov. 5, 2015). The Middle District of Florida appointed the Federal Public Defender to represent petitioner in the § 2254 proceedings, and the litigation remains ongoing. *See Casey v. Secretary, et al.*, Case No. 15-CV-00696-SPC-MRM, Order Granting Motion to Appoint Counsel [ECF 41] (M.D. Fla. Oct. 18, 2016). For jurisdictional purposes, a § 2254 federal habeas corpus petition, challenging the constitutionality of a petitioner's conviction may be filed in the District in which the state court which convicted the petitioner is located or in the District where he is confined. See 28 U.S.C. § 2241(d). Here, the petitioner was convicted in Lee County, which lies in the Middle District of Florida.

Therefore, upon review of the instant habeas petition and from records of which this Court can take judicial notice, it appears that jurisdiction is more appropriate in the United States District Court for the Middle District of Florida.[1] This is so because the Middle District of Florida, where the petitioner was convicted and where the state court records pertaining to his conviction and sentence are located, is the appropriate venue for this petition. Accordingly, the respondent has not been served with a copy of the petition and has not been ordered to respond.

### III.   Conclusion

---

[1] As previously discussed, it is clear that there are ongoing proceedings in the Middle District of Florida related to the claims raised in the instant petition. This Court declines to address whether the instant petition should be dismissed as duplicative of petitioner's pending Middle District petition in Case No. 15-CV-00696-SPC-MRM.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be transferred to the Middle District of Florida, as it is the appropriate venue. *See* 28 U.S.C. § 2241(d).

Objections to this report may be filed with the district court within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district court judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court judge, except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

DONE AND ORDERED at Miami, Florida on this 23rd day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Brian M. Casey
    139647
    Hamilton Correctional Institution
    Inmate Mail/Parcels
    10650 SW 46th Street
    Jasper, FL 32052
    PRO SE

    Noticing 2241/Bivens US Attorney
    Email: usafls-2255@usdoj.gov