UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14178-CIV-MARTINEZ/REID

BRIAN M. CASEY,

    Petitioner,

v.

DONALD TRUMP, et al.,

    Respondent.

_____/

## ORDER OVERRULING REPORT AND RECOMMENDATION AND DISMISSING CASE

**THIS CAUSE** comes before the Court on Brian M. Casey's Petition for Writ of Habeas Corpus. (DE 1). This matter was referred to the Honorable Lisette M. Reid, United States Magistrate Judge, for a Report and Recommendation (DE 7).

Casey's habeas corpus petition alleges that he "appealed a State of Florida criminal conviction by certiorari to the United States Supreme Court, Case No. 13-9115." (DE 1 ¶ 1). He asserts further that "[t]he United States Supreme Court entered a decision that barred Petitioner from seeking indigent status . . . ." (*Id.* ¶ 2). Petitioner then apparently moved for a rehearing, but "[t]he Clerk of the United States Supreme Court refused to docket the pleadings . . . ." (*Id.* ¶¶ 3-4). On this basis, Casey petitions for "immediate release from prison." (*Id.* ¶ 5).

The Magistrate Judge filed a Report and Recommendation concluding that the Southern District of Florida was not the appropriate venue for Casey's petition and recommended the matter be transferred to the Middle District, where Casey has a pending habeas case, citing 28 U.S.C. §2241(d). That section requires habeas petitions to be filed "in the district court for the district wherein such person is in custody or in the district court for the district within which the State

court was held which convicted and sentenced him . . . ." *Id*. Further, §2241(d) permits district courts, "in the exercise of its discretion and in furtherance of justice," to "transfer the application to the other district court for hearing and determination." *Id*.

The Magistrate Judge correctly pointed out that Casey was convicted in Lee County, which is in the Middle District. However, Casey is presently in custody in Martin County, which is part of the Southern District. Therefore, §2241(d) does not necessarily preclude this action from proceeding in this Court. Although §2241(d) permits federal courts to transfer cases to more appropriate venues, transfer would not further the interests of justice in this case.

The reason is simple. Casey's petition seeks review of a United States Supreme Court order. Lower courts, however, lack subject matter jurisdiction to review any decision of the Supreme Court or its Clerk. *Marin v. Suter*, 956 F.2d 339, 340 (D.C. Cir.), *cert. denied*, 506 U.S. 844 (1992). "[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action." *Panko v. Rodak*, 606 F.2d 168, 171 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980). In addition, the Supreme Court Clerk and his staff enjoy absolute immunity from a lawsuit for money damages based on actions that fall within the scope of their official duties. *Hyland v. Kolhage*, 267 Fed. Appx. 836, 842 (11th Cir. 2008). Thus, transfer of Casey's petition to the Middle District would be futile as both the Middle District and this Court—both—lack jurisdiction to review his claim.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Report and Recommendation is **OVERRULED** and this case is **DISMISSED WITH PREJUDICE**. The Clerk is directed to **CLOSE** this case and **DENY** pending motions as moot.

**DONE AND ORDERED** in Chambers, in Miami, Florida this 16th day of September,

2019.

_____
**JOSE E. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

BRIAN M. CASEY, *pro se*